








RXC

3:02-CV-839 BOB MCMATH V. WHEEL PROS INC

*1*

*CMP.*

OSWALD & YAP
A Professional Corporation
Michael A. Oswald (SBN 87299)
Eric D. Leach   (SBN 212175)
16148 Sand Canyon Avenue
Irvine, California 92618
Tel: (949) 788-8900
Fax: (949) 788-8980

FILED
02 MAY -2 AM 11:20
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

Attorneys for Plaintiffs Bob McMath
and PERFORMANCE WHEEL OUTLET, INC.,
a California corporation dba DANTE DESIGNS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

'02 CV 0839 L (JFS)

| | |
|---|---|
| BOB McMATH and PERFORMANCE WHEEL OUTLET, INC., a California corporation dba DANTE DESIGNS,<br><br>Plaintiffs,<br><br>vs.<br><br>WHEEL PROS, INC., a Colorado corporation; and DOES 1 through 30, inclusive,<br><br>Defendants. | CASE NO. _____<br><br>COMPLAINT FOR PATENT INFRINGEMENT; UNFAIR COMPETITION UNDER 15 U.S.C. § 1125; UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE 17200 ET SEQ.; EQUITABLE UNFAIR COMPETITION UNDER COMMON LAW<br><br>[JURY TRIAL DEMANDED] |

Plaintiffs Bob McMath and Performance Wheel Outlet, Inc., a California corporation dba Dante Designs, (sometimes collectively referred to herein as "Plaintiffs") complain as follows:

1. At all times relevant herein, Plaintiff Bob McMath ("McMath") is and was a resident of San Bernardino County, California.

2. At all times relevant herein, Plaintiff Performance Wheel Outlet, Inc., is and was a corporation in good standing,

1

51547.1

organized and existing under the laws of the State of California, doing business as Dante Designs, ("Dante") with its principal place of business at 195 E. Redlands Blvd., San Bernardino, California 92408, and is engaged in the design, distribution and sale of automobile wheels.

3. Defendant Wheel Pros, Inc. ("Wheel Pros") is a Colorado corporation with its principal place of business at 44 Union Boulevard, Lakewood, Colorado 80228, is engaged in the manufacture, distribution and sale of automobile wheels, and is a competitor of Dante.

4. Plaintiffs do not know the true names and capacities, whether individual, corporate, partnership or otherwise of the defendants named herein as Does 1 through 30, inclusive. Plaintiffs therefore sue those Defendants by such fictitious names. Plaintiffs assert the Does' true names and capacities when they have been ascertained.

5. Plaintiffs are informed and believe, and upon such information and belief allege, that at all times relevant to this action, each of the Defendants, including Does 1 through 30, inclusive, were agents and employees of the other Defendants and in doing the acts mentioned below each Defendant was acting within the scope of his or her authority as such agent and employee and with the permission and consent of his or her co-defendants. Plaintiffs further allege that each Defendant, including the Does 1-30, were responsible in some manner for the acts and omissions alleged in this Complaint, and that Plaintiffs' damages, both existing and prospective, are, were and will be proximately caused by the acts and omissions of the

1  Defendants, including Does 1 through 30, inclusive.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over Plaintiffs' federal claim under 35 U.S.C. §§ 271, 281-285 and 28 U.S.C. §§ 1331, 1338.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) and 28 U.S.C. § 1400(b).

8. Plaintiffs are informed and believe, and upon such information and belief allege, that Wheel Pros has systematic, continuous and aggregate contacts with the State of California, including but not limited to, the commission of the acts and omissions recited in this Complaint and importing, using and selling automobile wheels here in California.

9. The acts or omissions alleged in this Complaint occurred in part in the State of California and constitute a substantial part of the events giving rise to the claims asserted by Plaintiffs.

## FIRST COUNT
**(INFRINGEMENT OF U.S. PATENT NO. D438,505 AGAINST ALL DEFENDANTS)**

10. Plaintiffs reallege paragraphs 1-9 above as if set forth in full below and incorporate them by this reference.

11. On March 6, 2001, U.S. Patent No. D438,505, entitled "Wheel" was duly and legally issued to Plaintiff McMath. Since that time, McMath has been and still is the owner of U.S. Patent No. D438,505 and of the right to sue and recover for any infringement of the patent. Plaintiff Dante has the right to sue

and recover for infringement of the patent as the exclusive licensee of the patent. A copy of U.S. Patent No. D438,505 (the "Patent") is attached hereto as Exhibit A.

12. Plaintiffs are informed and believe, and upon such information and belief allege, that Wheel Pros knowingly, willfully and intentionally copied the design of Model No. Donzi 886 ("Donzi") for its Infringing Product.

13. Wheel Pros has infringed the Patent by engaging in the following activities without Plaintiffs' authorization:

    (a) importing for sale into the United States and California automobile wheels embodying the patent invention, including but not limited to products known by the Model No. HE-786 Sella ("Infringing Product");

    (b) manufacturing Infringing Product embodying the patented invention;

    (c) using, selling and offering to sell within the United States Infringing Product embodying the patented invention; and/or

    (d) actively inducing others to use and sell Infringing Product embodying the patented invention.

14. Plaintiffs are informed and believe, and upon such information and belief allege, that this infringement has been knowing, willful and intentional and will continue unless enjoined by this Court.

15. As a proximate result of Wheel Pros' above-mentioned acts and threatened acts, Plaintiffs have been damaged, and will be irreparably harmed unless those activities are enjoined by this Court. Plaintiff do not otherwise have an adequate remedy

51547.1

1  at law. Wheel Pros' acts have also unjustly enriched them and
2  will continue to unjustly enrich them at Plaintiffs' expense.

### SECOND COUNT

### (UNFAIR COMPETITION UNDER 15 U.S.C. § 1125: TRADE DRESS INFRINGEMENT AGAINST ALL DEFENDANTS)

16. Plaintiffs reallege paragraphs 1 through 15, inclusive, of this Complaint and incorporate them herein by this reference as though set forth in full.

17. Plaintiffs have acquired, prior to Wheel Pros' use of its infringing product, protectable trade dress rights in the distinctive, non-functional trade dress of its product known by the Model No. Donzi 886 ("Donzi").

18. Plaintiffs are informed and believe, and upon such information and belief allege, that Wheel Pros knowingly, willfully and intentionally copied and used the Donzi design for its Infringing Product.

19. Wheel Pros has infringed on Plaintiffs' trade dress rights in the Donzi design by using in commerce the Infringing Product.

20. Wheel Pros' actions have caused, and are likely to cause mistake, confusion and/or deception among the consuming public as to the origin of the Infringing Product and/or the relationship between Plaintiffs and Wheel Pros.

21. Plaintiffs are informed and believe, and upon such information and belief allege, that Wheel Pros' actions were knowingly, willfully and intentionally taken with the fraudulent purpose of misleading the public.

22. As a proximate result of Wheel Pros' above-mentioned acts and threatened acts, Plaintiffs have been damaged, and will be irreparably harmed unless those activities are enjoined by 0this Court. Plaintiffs do not otherwise have an adequate remedy at law. Wheel Pros acts have also unjustly enriched them and will continue to unjustly enrich them at Plaintiffs' expense.

### THIRD COUNT

**(UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE 17200 ET SEQ.: UNLAWFUL AND DECEPTIVE PRACTICES AGAINST ALL DEFENDANTS)**

23. Plaintiffs reallege herein by this reference each and every allegation contained in paragraphs 1 through 22, inclusive, of this Complaint as if fully set forth herein.

24. Wheel Pros' acts alleged in the First and Second Counts above also constitute unfair competition under California Business and Profession Code Sections 17200 et seq. in that they constitute unlawful, unfair and/or fraudulent business practices.

25. As a proximate result of Wheel Pros' above-mentioned acts and threatened acts, Plaintiffs have been damaged, and will be irreparably harmed unless those activities are enjoined by this Court. Plaintiffs do not otherwise have an adequate remedy at law. Wheel Pros acts have also unjustly enriched them and will continue to unjustly enrich them at Plaintiffs' expense.

/ / /
/ / /
/ / /
/ / /

6

51547.1

## FOURTH COUNT

### (EQUITABLE UNFAIR COMPETITION UNDER COMMON LAW AGAINST ALL DEFENDANTS)

26. Plaintiffs reallege herein by this reference each and every allegation contained in paragraphs 1 through 25, inclusive, of this Complaint as if fully set forth herein.

27. Wheel Pros' acts alleged in the First and Second Counts above may be enjoined as unfair competition under Common Law in that they have the effect of deceiving the consuming public as to the origin of the Infringing Product.

28. As a proximate result of Wheel Pros' above-mentioned acts and threatened acts, Plaintiffs have been damaged, and will be irreparably harmed unless those activities are enjoined by this Court. Plaintiffs so not otherwise have an adequate remedy at law. Wheel Pros' acts have also unjustly enriched them and will continue to unjustly enrich them at Plaintiffs' expense.

WHEREFORE, Plaintiffs pray for judgment as follows:

**First Count:**

1. Judgment declaring:
   (a) U.S. Patent No. D438,505 valid,
   (b) Plaintiff Bob McMath is the owner of, and Performance Wheel Outlet, Inc., has rights to as exclusive licensee, U.S. Patent No. D438,505,
   (c) Defendant Wheel Pros has infringed and is threatening to infringe U.S. Patent No. D438,505 and that the infringement was willful;

2. An injunction permanently enjoining Wheel Pros, its officers, agents, servants, employees and those persons in active concert or participation with Wheel Pros from further infringing or threatening to infringe U.S. Patent No. D438,505, or importing, manufacturing, selling, offering for sale or inducing others to sell the Infringing Product and any other automobile wheel embodying the invention described in U.S. Patent No. D438,505;

3. Compensatory damages exceeding $500,000.00;

4. An award of treble damages;

5. Attorneys' fees as provided for by statute;

6. Costs of suit incurred herein;

7. Restitution;

8. For prejudgment interest at the legal rate; and

9. Such other relief as the Court may deem just and proper.

**Second Count:**

1. Judgment declaring:
   (a) Plaintiffs have protectable trade dress rights in the distinctive, non-functional trade dress of their product known by the Model No. Donzi 886;
   (b) Wheel Pros has infringed and is threatening to infringe such trade dress rights and that the infringement was willful;

2. An injunction permanently enjoining Wheel Pros, its officers, agents, servants, employees and those persons

in active concert or participation with Wheel Pros from further infringing or threatening to infringe such trade dress rights, or importing, manufacturing, selling, offering for sale or inducing others to sell the Infringing Product;

3. Compensatory damages exceeding $500,000.00;
4. An award of treble damages;
5. Attorneys' fees as provided for by statute;
6. Costs of suit incurred herein;
7. Restitution;
8. For prejudgment interest at the legal rate; and
9. Such other relief as the Court may deem just and proper.

**Third Count:**

1. Judgment declaring Wheel Pros has committed unlawful, unfair and/or fraudulent business practices in violation of the California Business and Profession Code Sections 17200 et seq.
2. An injunction permanently enjoining Wheel Pros, its officers, agents, servants, employees and those persons in active concert or participation with Wheel Pros from importing, manufacturing, selling, offering for sale or inducing others to sell the Infringing Product;
3. Costs of suit incurred herein;
4. Restitution;
5. For prejudgment interest at the legal rate; and

51547.1

1      6.   Such other relief as the Court may deem just and
2          proper.

**Fourth Count:**

1.   Judgment declaring Wheel Pros has been deceiving the consuming public as to the origin of the Infringing Product;

2.   An injunction permanently enjoining Wheel Pros, its officers, agents, servants, employees and those persons in active concert or participation with Wheel Pros from importing, manufacturing, selling, offering for sale or inducing others to sell the Infringing Product.

3.   Such other relief as the Court may deem just and proper.

OSWALD & YAP

Dated: April 30, 2002    By: _____
Michael A. Oswald
Attorney for Plaintiffs
BOB McMATH and
PERFORMANCE WHEEL OUTLET,
INC., a California
corporation dba DANTE
DESIGNS

**EXHIBIT A**

| (12) **United States Design Patent**<br>McMath | (10) Patent No.: **US D438,505 S**<br>(45) Date of Patent: ** **Mar. 6, 2001** |
|---|---|

(54) **WHEEL**

(76) Inventor: **Robert Roy McMath**, 1355 Basel Pl., Riverside, CA (US) 92506

(**) Term: **14 Years**

(21) Appl. No.: **29/123,411**

(22) Filed: **May 16, 2000**

(51) LOC (7) Cl. .......................................................... 12-16
(52) U.S. Cl. ................................................................ D12/211
(58) Field of Search ............................. D12/204–211; 301/37.1, 64.1, 65

(56) **References Cited**

U.S. PATENT DOCUMENTS

| D. 379,612 | * | 6/1997 | Honarkhah | D12/209 |
| D. 384,634 | * | 10/1997 | Cullen | D12/211 |
| D. 398,573 | * | 9/1998 | Cattaneo | D12/211 |
| D. 398,574 | * | 9/1998 | McMath | D12/211 |
| D. 407,056 | * | 3/1999 | Hodges et al. | D12/211 |
| D. 407,364 | * | 3/1999 | Fisker | D12/209 |
| D. 409,552 | * | 5/1999 | Chung | D12/211 |
| D. 412,692 | * | 8/1999 | Hussaini | D12/209 |
| D. 419,945 | * | 2/2000 | Hartanto | D12/211 |
| D. 420,639 | * | 2/2000 | Roesianto | D12/209 |
| D. 422,258 | * | 4/2000 | Hale, Jr. | D12/211 |
| D. 422,959 | * | 4/2000 | Hussaini et al. | D12/211 |
| D. 425,007 | * | 5/2000 | Noriega | D12/211 |
| D. 427,555 | * | 7/2000 | Hall | D12/209 |
| D. 428,846 | * | 8/2000 | Yoshida et al. | D12/211 |

* cited by examiner

*Primary Examiner*—Stacia Cadmus
(74) *Attorney, Agent, or Firm*—Curtis L. Harrington

(57) **CLAIM**

The ornamental design for a wheel, as shown and described.

**DESCRIPTION**

FIG. 1 is a front perspective view of a first embodiment of a wheel, showing my new design having a bullet shaped center covering;

FIG. 2 is a front plan view thereof, it being understood that the ornamental design of FIGS. 1 and 2 is not expressed in top, bottom and side views and thus they are omitted, the circumferentially outwardly disposed areas of the inside of the rim is shown in broken lines for illustrative purposes only and forms no part of the claimed design;

FIG. 3 is a front perspective view of a second embodiment of a wheel, showing my new design having a flat shaped center covering; and.

FIG. 4 is a front plan view of FIG. 3, it being understood that the ornamental design of FIGS. 3 and 4 is not expressed in top, bottom and side views and thus they are omitted, the circumferentially outwardly disposed areas of the inside of the rim is shown in broken lines for illustrative purposes only and forms no part of the claimed design.

**1 Claim, 2 Drawing Sheets**



EXH. __A__ PAGE __11__

Fig. 3



Fig. 4



EXH. A  PAGE 12

Fig. 1



Fig. 2



EXH. A   PAGE 13

| TO:  Commissioner of Patents and Trademarks  Washington, D.C. 20231 | REPORT ON THE FILING OR DETERMINATION OF AN ACTION REGARDING A PATENT |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.  02cv839L (JFS) | DATE FILED  5/2/02 | U.S. DISTRICT COURT  United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF  Bob McMath | | DEFENDANT  Wheel Pros, Inc |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1. USD438,505 S | Mar 6, 2001 | Robert Roy McMath |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY  ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |
|---|---|

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
|  |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
|  |  |  |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

FILED

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

02 MAY -2

| I.(a) PLAINTIFFS BOB MCMATH and PERFORMANCE WHEEL OUTLET, INC., a California corporation dba DANTE DESIGNS, | DEFENDANTS WHEEL PROS, INC. a Colorado corporation; and DOES 1 through 30, inclusive, CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Bernardino (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ DEPUTY (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Eric Leach (SBN 212175) OSWALD & YAP  (949) 788-8900 16148 Sand Canyon Avenue Irvine, CA 92618 | ATTORNEYS (IF KNOWN) '02 CV  0839  L(JFS) |

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).
Patent Infringement; Unfair Competition Under 15 U.S.C. Section 1125; Unfair Competition Under Cal. Bus. & Prof. Code 17200 Et Seq.; Equitable Unfair Competition Under Common Law

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $500,000+ | Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

VIII. RELATED CASE(S) IF ANY (See Instructions):   JUDGE _____   Docket Number _____

DATE 5/1/02        SIGNATURE OF ATTORNEY OF RECORD [signature]

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

Pd $150.00  5/2/02 #82084  VB

ORIGINAL

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should completed the form as follows:

I.(a) Plaintiffs - Defendants. Enter names (last, first, middle intitial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giveing both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place the "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, it officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.
(rev. 07/89)

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)